ROBERT W. FIELDING, Respondent, v. JOHN LUCAS, Appellant, Impleaded, &c.

*Attachment against firm property—when the attaching creditor is not a proper party to an action for a dissolution of the firm.*

The complaint in this action alleged that the plaintiff and the defendant Walter were copartners, and that the firm had become insolvent; that the other defendants had, by collusion with the defendant Walter, commenced actions against the firm in the Marine Court of the City of New York, in which attachments had been issued, under which property of the firm had been seized; that such attachments were void, for the reason that the firm had a place of business in the city of New York, though both of the members thereof resided in Kings county. The relief sought was the dissolution of the firm, the appointing of a receiver, the vacating of the attachment, and also that the said defendants might be restrained from further prosecuting their actions in the Marine Court.

*Held,* that as to the attaching creditor, the complaint did not state facts sufficient to constitute a cause of action, and that it should be dismissed.

Appeal by the defendant Lucas, from a judgment entered upon an order overruling a demurrer to the complaint.

The complaint alleged, among other things, that the plaintiff and the defendant, John F. Walter, Jr., were copartners by the firm-name of Walter & Fielding, under an agreement by which the period of its continuance was not determined ; that the copartnership had become insolvent; that by collusion with the defendant, John F. Walter, Jr., the other defendants had commenced actions against the firm in the Marine Court of the city of New York; that warrants of attachment had been issued in the said actions by justices of the Marine Court, one of them at the suit of the defendant, Lucas, in an action on contract for the payment of money only; that the action was commenced by the issuing of a summons returnable in six days, and that the warrant was issued upon the sole ground that the members of the said firm of Walter & Fielding were not residents of the city and county of New York; that, in fact, both members thereof were residents of the county of Kings, and had their office and place of business in the city and county of New York at the time said warrant was issued. The complaint further

alleged that the sheriff had taken possession of the property of the firm under the said attachment, and that the said property would be sacrificed, to the great injury of the creditors of the firm, unless the attachment was vacated. That the said justices of the Marine Court had no jurisdiction to issue a warrant of attachment against the said firm as non-residents, so long as the members thereof were residents of the State of New York, and had their office and place of business in the city of New York.

The relief asked for was the dissolution of the copartnership, the appointment of a receiver of its property *pendente lite,* and finally, the distribution of the assets of the firm, and that the said warrant of attachment be declared void, and the firm property be released therefrom, and that the defendants be restrained from prosecuting the said actions in the Marine Court, and be required to prove their claims in this action; and for other and general relief.

The defendant, Lucas, demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action.

*David Crawford,* for the appellant.

*Joseph A. Shoudy,* for the respondent.

BARNARD, P. J.:

The complaint states no legal cause of action against the defendant, Lucas; he is a creditor of the firm of Walter & Fielding. He lives in Brooklyn, and commenced an action against the parties in the Marine Court of the city of New York, to recover his debt. The partnership had an office or place of business in the city of New York. The attachment was granted against the property of the firm by the judge of the Marine Court, based upon an affidavit of the non-residence of the parties. The partnership goods were seized under the attachment of Lucas and others. One of the partners commences an action against his copartner, to settle the partnership affairs, to terminate the partnership, and Lucas is made a party defendant, and relief is asked against him that the attachment be decreed to be void, and that he prove his claim in this action, and, in the meantime, pending the action, that he be enjoined from en-

forcing his attachment, and that a receiver be appointed. As to Lucas and other attaching creditors, the remedy at law against their enforcing a void attachment is adequate. The parties can release the attached property by a bond. They can move to vacate the attachment. They can defend upon the ground that the Marine Court has no jurisdiction of the action. If Lucas has sued in the wrong court, it is not the province of a court of equity to bring him in as a party to answer an allegation to that effect, and to have his suit arrested. It is no aid to the complaint to aver that Lucas had bad motives in enforcing his claims in the Marine Court. If he has a good debt, and proves it in a competent court, no question will be made whether his design was to harass the parties, or one of them, or to get an advantage over other creditors.

The judgment should be reversed, with costs to defendant. Lucas.

DYKMAN, J., concurred; GILBERT, J., not sitting.

Judgment reversed, with costs to defendant Lucas.